1 | JANET M. HEROLD
Regional Solicitor
2 | SUSAN SELETSKY
Chief FLSA Counsel
3 | BENJAMIN BOTTS
Trial Attorney (CA SBN 274542)
4 | United States Department of Labor
Office of the Solicitor
5 | 90 Seventh Street, Suite 3-700
San Francisco, California 94103
6 | Telephone: (415) 625-7767
Facsimile: (415) 625-7772
7 | Email: botts.benjamin.r@dol.gov

8 | Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, a limited liability company; I CARE VENTURES LLC, dba RAYZEL'S VILLA, a limited liability company; RAZEL CORTEZ, an individual; and ELIZABETH PALAD, an individual,<br><br>Defendants. | Case No.:  3:16-cv-542<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, the Secretary seeks to enjoin Defendants RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, a limited liability company; I CARE VENTURES LLC, dba RAYZEL'S VILLA, a limited liability company; RAZEL CORTEZ, an individual; and ELIZABETH PALAD, an individual, (collectively, "Defendants") from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), pursuant to section 17 of the FLSA, 29 U.S.C. § 217; and to recover the unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## PARTIES

2. Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

3. Defendant RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, is a California limited liability company operating as an adult care home with a principal place of business in Walnut Creek, CA, in the jurisdiction of this Court.

4. Defendant CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, is a California limited liability company operating as adult care homes with places of business in South San Francisco, San Bruno, and Union City, CA, in the jurisdiction of this Court.

5. Defendant I CARE VENTURES LLC, dba RAYZEL'S VILLA, is a California limited liability company operating as an adult care home with a principal place of business in San Lorenzo, CA, in the jurisdiction of this Court;

6. Defendant RAZEL CORTEZ is an individual who resides in Walnut Creek, CA, in the jurisdiction of this Court, and owns, operates, and controls the corporate defendants. At all

relevant times, Defendant Cortez acted directly or indirectly in the interest of Defendants in relation to their employees, including hiring and supervising employees, maintaining employment records, and determining employment practices. As such, Defendant Cortez is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Defendants' employees.

7. Defendant ELIZABETH PALAD is an individual who resides in Walnut Creek, CA, in the jurisdiction of this Court, and owns, operates, and controls the corporate defendants. At all relevant times, Defendant Palad acted directly or indirectly in the interest of Defendants in relation to their employees, including hiring and supervising employees, maintaining employment records, and determining employment practices. As such, Defendant Palad is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Defendants' employees.

## JURISDICTION

8. The Court has jurisdiction under sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

## VENUE

9. Venue lies in the Northern District of California under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims in this case occurred in Contra Costa, San Mateo, and Alameda Counties.

## INTRADISTRICT ASSIGNMENT

10. Assignment of this action to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2(c) is proper because a substantial part of the events or omissions which gave rise to his claim occurred in Contra Costa, San Mateo, and Alameda Counties.

## DEFENDANTS ARE COVERED EMPLOYERS UNDER THE FLSA

11. Defendants at all relevant times employed employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of Sections 3(b) and (j) of the FLSA, 29 U.S.C. §§ 203(b) and (j).

12. Defendants at all relevant times were engaged in related activities performed through unified operation or common control for a common business purpose, and at all relevant times were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. Defendants at all relevant times were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); in that they had employees who were engaged in commerce or the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

**DEFENDANTS HAVE MISCLASSIFIED THEIR EMPLOYEES AS INDEPENDENT CONTRACTORS**

14. Defendants have misclassified caregivers at their care homes as independent contractors, rather than employees subject to the protections of the FLSA.

15. As a matter of economic reality, the caregivers who work at Defendants' facilities are economically dependent on Defendants.

16. The caregivers who work at Defendants' facilities are integral and indispensable to Defendants' care home enterprise.

17. Caregivers who work or have worked at Defendants' care home facilities are employees entitled to the protection of the FLSA.

**FIRST CAUSE OF ACTION**
**(Violation of Minimum Wage Provisions of the FLSA)**

18. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 17 of the Complaint.

19. During the period between September 15, 2012 through September 11, 2015, Defendants have violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees wages at rates less than $7.25 per hour worked in workweeks when said employees were engaged in commerce or in the production of goods for

commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

**SECOND CAUSE OF ACTION**
**(Violation of Overtime Provisions of the FLSA)**

20. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 19 of the Complaint.

21. During the period between September 15, 2012 through September 11, 2015, Defendants violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by paying their employees at less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty hours per week in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

**THIRD CAUSE OF ACTION**
**(Violation of Recordkeeping Provisions of the FLSA)**

22. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 21 of the Complaint.

23. During the period between September 15, 2012 through September 11, 2015, Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as required under 29 C.F.R. part 516.

**PRAYER FOR RELIEF**

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them from

prospectively violating the minimum wage, overtime, recordkeeping, investigation and anti-retaliation provisions of the FLSA;

 (b) For an Order

  (1) pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation to their employees and former employees, and for liquidated damages equal in amount to the unpaid compensation found due the employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint, and thus not listed on Exhibit A); or in the event liquidated damages are not awarded;

  (2) pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found to be due Defendants' employees and pre-judgment interest at an appropriate interest rate; and

 (c) For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

Dated: February 2, 2016  /s/Benjamin R. Botts
BENJAMIN R. BOTTS
Trial Attorney

US DEPARTMENT OF LABOR
Attorneys for the Plaintiff