JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief FLSA Counsel
BENJAMIN BOTTS
Trial Attorney (CA SBN 274542)
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7767
Facsimile: (415) 625-7772
Email: botts.benjamin.r@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>  v.<br><br>RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, a limited liability company; I CARE VENTURES LLC, dba RAYZEL'S VILLA, a limited liability company; RAZEL CORTEZ, an individual; and ELIZABETH PALAD, an individual,<br><br>        Defendants. | Case No.: 3:16-cv-00542-JD<br><br>[PROPOSED] CONSENT JUDGMENT AND ORDER |

      Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH CORTEZ CARE

HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, a limited liability company; I CARE VENTURES LLC, dba RAYZEL'S VILLA, a limited liability company; RAZEL CORTEZ, an individual; and ELIZABETH PALAD, an individual, (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

## I. STATEMENT BY THE PARTIES

A. The Secretary has concurrently filed a Complaint alleging that the Defendants violated Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 206, 207, 211, and 215.

B. Defendants waive formal service and acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive their answer.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Northern District of California.

F. Defendants agree to the entry of this Consent Judgment without contest.

G. Defendants acknowledge that Defendants and any individual, agent, or entity acting on their behalf or at their direction has notice of, and understands, the provisions of this Consent Judgment.

H. Defendants admit that they operate a care home facility business at various locations in Northern California; that this business an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A); and that, as such, Defendants are subject to the provisions of the FLSA.

I. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the September 15, 2012 through September 11, 2015 (the "Subject Period"), by paying employees' wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for

commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

J. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the Subject Periods, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

K. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), during the Subject Periods, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516.

L. Defendants admit that they have misclassified caregivers at their care homes as independent contractors, rather than employees subject to the protections of the FLSA. Defendants agree to immediately reclassify all workers at their care home facilities as employees subject to the protections of the FLSA, including payment of minimum wage and overtime, and protection from retaliation.  All employees shall be properly classified within 30 days of entry of this Consent Judgment and Order.

**II.     JUDGMENT**

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the

production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the FLSA.

5. Defendants shall not, contrary to section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any

1  complaint, including making a complaint to Defendants, or instituted or caused to be instituted
2  any proceeding under the FLSA or has provided information to the Department of Labor in any
3  such proceeding.
4        6.     Defendants, jointly and severally, shall not continue to withhold payment of
5  $367,995.83 which represents the unpaid minimum wage and overtime compensation hereby
6  found to be due for the Subject Periods, to the employees named in the attached Exhibit A in the
7  amounts set forth therein.
8        7.     **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants, jointly and
9  severally, shall pay to the Secretary the aforementioned sum of $367,995.83 plus the additional
10 sum of $275,996.85 as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c),
11 for the Subject Periods to the employees named in the attached Exhibit A in the amounts set
12 forth therein.
13       8.     **JUDGMENT IS HEREBY ENTERED** in the amount of $643,992.68 against
14 the Defendants, jointly and severally, and in favor of the Plaintiff, Secretary of Labor.
15       9.     The provisions of paragraphs 6 and 7 of this Consent Judgment will be deemed
16 satisfied when Defendants comply with the following provisions:
17       a.     Within 15 days of the entry of this Consent Judgment, Defendants shall deliver to
18 District Director Susana Blanco, Wage and Hour Division, United States Department of Labor,
19 90 7th Street, Suite 12-100, San Francisco, CA 94103-6719 a schedule containing the last known
20 home address, social security number, and telephone number (if known) for each person named
21 in the attached Exhibit A.
22       b.     Defendants shall make the back wage and liquidated damages payments due
23 under this Judgment, the total amount of which is $643,992.68, in four installments by delivering
24 a cashier's check or money order in the required amount, with the name of "Elizabeth Care
25 Home" written on it, payable to the order of the "Wage & Hour Div., Labor," to Wage and Hour
26 Division District Director Susana Blanco at the address listed in Paragraph 8.a. of this Consent
27 Judgment.  Each check must indicate in the subject line whether it is to be allocated to Back
28 Wages or Liquidated Damages as set forth below.

[PROPOSED] CONSENT JUDGMENT & ORDER

c. The installments payments shall be made in 24 installment payments as follows:

|     | Payment on or before: | Amount: | Payment for (to list in check memo): |
|-----|------------------------|---------|---------------------------------------|
| 1.  | February 1, 2016       | $30,000    | Liquidated Damages |
| 2.  | March 1, 2016          | $26,695.33 | Liquidated Damages |
| 3.  | April 1, 2016          | $26,695.33 | Liquidated Damages |
| 4.  | May 1, 2016            | $26,695.33 | Liquidated Damages |
| 5.  | June 1, 2016           | $26,695.33 | Liquidated Damages |
| 6.  | July 1, 2016           | $26,695.33 | Liquidated Damages |
| 7.  | August 1, 2016         | $26,695.33 | Liquidated Damages |
| 8.  | September 1, 2016      | $26,695.33 | Liquidated Damages |
| 9.  | October 1, 2016        | $26,695.33 | Liquidated Damages |
| 10. | November 1, 2016       | $26,695.33 | Liquidated Damages |
| 11. | December 1, 2016       | $5,738.88  | Liquidated Damages |
|     |                        | $20,956.45 | Back Wages |
| 12. | January 1, 2017        | $26,695.33 | Back Wages |
| 13. | February 1, 2017       | $26,695.33 | Back Wages |
| 14. | March 1, 2017          | $26,695.33 | Back Wages |
| 15. | April 1, 2017          | $26,695.33 | Back Wages |
| 16. | May 1, 2017            | $26,695.33 | Back Wages |
| 17. | June 1, 2017           | $26,695.33 | Back Wages |
| 18. | July 1, 2017           | $26,695.33 | Back Wages |
| 19. | August 1, 2017         | $26,695.33 | Back Wages |
| 20. | September 1, 2017      | $26,695.33 | Back Wages |
| 21. | October 1, 2017        | $26,695.33 | Back Wages |
| 22. | November 1, 2017       | $26,695.33 | Back Wages |
| 23. | December 1, 2017       | $26,695.33 | Back Wages |
| 24. | January 1, 2017        | $26,695.42 | Back Wages |

10. The Secretary shall allocate and distribute the back wages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants are responsible for the employer

portion of employment taxes on the back wages hereby found due.

11. In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the monetary amounts due under this Consent Judgment are paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

12. **IT IS FURTHER ORDERED** that within 30 calendar days of the entry of this Consent Judgment, Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall hire a third-party payroll processing firm to process and issue employees' paychecks.

b. Defendants shall procure and install a time clock at each work location and ensure that each employee uses the time clock to accurately record in the employer's records the time the employee: (i) begins work each day by clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more by clocking/punching in at the end of the uninterrupted work-free meal period; (iv) ends work each day by clocking/punching out just before the employee leaves the worksite and/or the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free and thus not paid by clocking/punching out.

c. For each work week, Defendants shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours and wages for each employee ("Pay Period Summary"). The Pay Period Summary shall provide all information required under California Labor Code Section 226(a), including: (1) the employee's gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the inclusive dates of

[PROPOSED] CONSENT JUDGMENT & ORDER

7

the period for which the employee is paid, (6) all applicable hourly rates in effect during the pay period, and (7) the corresponding number of hours worked at each hourly rate. Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

    d.    Each pay period, Defendants shall direct each employee to review the employee's Pay Period Summary and write in corrections if necessary. For a period of not less than one year following entry of this judgment Defendants shall include the following statement on each Pay Period Summary, in English and Tagalog languages:

> Your employer must pay you for all hours you work. Your hours worked includes all the time that you not free from work duties. If you think your employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

Ang iyong Employer ay kailangang magbayad sa iyo para sa lahat ng oras na natrabaho mo. Kasali sa mga oras na natrabaho mo ang mga oras na hindi ka libre sa iyong tungkulin. Kung inaakala mo na hindi ka nabayaran ng Employer sa lahat ng oras na natrabaho mo, maari kang tumawag sa US Department of Labor upang magsampa ng kompidendensyal na reklamo sa 1-866-4US-WAGE.

Defendants shall maintain copies of all Pay Period Summaries for three years after issuance for inspection by the Department of Labor at any time upon request without prior notice.

    e.    Defendants shall not reduce compensable hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to be on duty for fewer than 24 consecutive hours. Defendants may claim a sleep time credit for an employee who is required to be on duty for 24 or more consecutive hours if:

        i.    Defendants and the employee have a voluntary written agreement that is valid for the period in which the sleep time credit is claimed;

        ii.    The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

[PROPOSED] CONSENT JUDGMENT & ORDER

        iii.    Defendants have provided adequate sleeping facilities, including a private room and at least a twin-sized bed; and

        iv.    The employee's sleep period is uninterrupted by work demands for at least five consecutive hours.

    f.    Defendants shall not include the value of food eaten by employees as a part of employees' pay (claim a "meal credit") absent strict compliance with 29 C.F.R. Part 531. Defendants shall retain receipts for any food purchased for which a meal credit is claimed for a period of three years and shall make such receipts available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any meal credit claimed during the previous calendar quarter.

    g.    Defendants shall not include the value of the provision of sleeping facilities to employees as part of employees' pay (claim a "lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of three years and shall make such documents available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any lodging credit Defendants claimed during the previous calendar quarter. Defendants shall record all hours worked by employees in the payroll records.

    h.    Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    i.    Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    j.    Defendants shall not alter or manipulate time or payroll records to reduce the

number of hours actually worked by an employee.

k.      Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

13.     **IT IS FURTHER ORDERED** that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

a.      Within ten days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B "Notice of Employee Rights," in English and Tagalog languages, at each of their facilities in an area that is frequented by employees. Such Notice shall remain posted for a minimum of one year.

b.      Within 30 days of the entry of this judgment, on a date and time mutually agreed upon by the parties, Defendants shall permit a representative of the Secretary to visit each of Defendants' facilities and read aloud the following statement in English and Tagalog to all employees at each of the facilities:

> In December 2015, the U.S. Department of Labor sued RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT; I CARE VENTURES LLC, dba RAYZEL'S VILLA; RAZEL CORTEZ; and ELIZABETH PALAD. We sued these employers because they violated the Fair Labor Standards Act. The Fair Labor Standards Act is the law that requires employers to pay minimum wage and overtime to their employees.  These employers didn't pay their employees minimum wage for all of their hours worked.  They also failed to pay overtime premiums.
>
> To settle this lawsuit, these employers have agreed to pay back wages and damages to employees who were not correctly paid.  They have also promised to comply with the Fair Labor Standards Act in the future.
>
> You are protected by the Fair Labor Standards Act.  You have the right to speak freely with investigators or other officials from the Department of Labor.  Your employer is prohibited from taking any action against you because you spoke with the Department of Labor.  It is illegal for your employer to take any action against you for accepting any payment as part of a settlement with the Department of Labor.  It is illegal for your employer to demand that you pay back in any way the money you receive under this settlement.
>
> If you think your employers have not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint.  The phone number is 1-866-4US-WAGE.

[PROPOSED] CONSENT JUDGMENT & ORDER

10

Defendants Cortez and Palad shall be present during the reading of this statement at each facility, and employees' time during the reading shall be treated as hours worked.

c. Within five days of the six-month anniversary of the entry of this Consent Judgment, and within five days of the following five six-month anniversaries of the entry of this Consent Judgment, Defendants shall procure a third-party to monitor their compliance with the FLSA and the regulations promulgated under the FLSA. The audits shall contain, at a minimum:

i. The name, address, and phone number of each of Defendants' employees and whether each employee is classified as exempt or non-exempt under the FLSA;

ii. The start and end time of each employee's work day for every work day during the period covered by the third-party audit;

iii. The regular rate of pay for each employee;

iv. The gross weekly straight time and overtime wages owed to each employee for each pay period covered by the third-party audit based on the employee's hours worked and regular rate of pay; and

v. The gross weekly straight time and overtime wages actually paid to each employee for each pay period covered by the third-party audit. If any third-party audit shows that the Employers have failed to pay any employee all straight time and overtime wages required under the FLSA, Defendants shall pay the wages due on the next regularly scheduled payroll. Upon request, Defendants shall produce these audits to the U.S. Department of Labor within five business days.

14. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on Exhibit A for any period not specified therein.

15. Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

16. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

17. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

Dated: March 7, 2016

Dated: 1-18-16

ARASTO FARSAD
FARSAD LAW OFFICE, P.C.
Attorneys for Defendants

Dated: 1-18-16

RAZEL CORTEZ
Individually and for Defendants
RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT, a limited liability company; I CARE VENTURES LLC, dba RAYZEL'S VILLA, a limited liability company

Dated: 1-18-16

ELIZABETH PALAD
Individually and for Defendants
RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS, a limited liability company; CADS LLC, dba ELIZABETH

UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge James Donato

Dated: February 2, 2016

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief FLSA Counsel

By: /s/Benjamin R. Botts
BENJAMIN R. BOTTS
Trial Attorney

Attorneys for Plaintiff, U.S. Secretary of Labor

[PROPOSED] CONSENT JUDGMENT & ORDER

12

1  CORTEZ CARE HOME, ELIZABETH
   CORTEZ CARE HOME 2, SAMANTHA
2  CARE HOME, and NEW HAVEN COURT, a
   limited liability company; I CARE
3  VENTURES LLC, dba RAYZEL'S VILLA, a
   limited liability company
4

EXHIBIT A

| First Name | Last Name | BW Start Date | BW End Date | Back Wages | Liquidated Damages |
|---|---|---|---|---|---|
| Antonieta | Dinozo | 6/6/2014 | 3/1/2013 | $16,403.21 | $12,302.41 |
| Julie | Jones | 9/11/2015 | 9/12/2012 | $20,869.95 | $15,652.46 |
| Loida | Brennan | 9/11/2015 | 9/12/2012 | $38,917.10 | $29,187.83 |
| Alicia | Tanael | 9/11/2015 | 9/12/2012 | $24,496.65 | $18,372.49 |
| Gregorio | Tanael | 9/11/2015 | 9/12/2012 | $24,496.65 | $18,372.49 |
| Avelino | Pineda | 9/11/2015 | 6/28/2013 | $19,127.70 | $14,345.78 |
| Merlita | Brutus | 11/28/2014 | 9/12/2012 | $23,696.00 | $17,772.00 |
| Gerardo | Ladaban | 9/11/2015 | 12/27/2013 | $3,280.50 | $2,460.38 |
| Marilou | Ladaban | 9/11/2015 | 12/27/2013 | $3,280.50 | $2,460.38 |
| Christopher | Tanael | 9/26/2014 | 9/6/2013 | $11,606.00 | $8,704.50 |
| Rachel | Calaca | 9/12/2012 | 9/11/2015 | $23,745.00 | $17,808.75 |
| Angelus | Blaza | 9/12/2012 | 9/11/2015 | $26,107.50 | $19,580.63 |
| Aldin | Cruz | 5/15/2014 | 12/31/2014 | $220.05 | $165.04 |
| Raphael | Daatio | 7/31/2014 | 9/11/2015 | $663.32 | $497.49 |
| Erlinda | Dominguez | 5/31/2014 | 9/11/2015 | $967.05 | $725.29 |
| Catalina | Ducut | 9/30/2012 | 9/11/2015 | $640.48 | $480.36 |
| Absalon Paul | Fronda | 5/31/2014 | 4/30/2015 | $799.81 | $599.86 |
| Bertha | Garcia | 8/31/2015 | 9/11/2015 | $96.00 | $72.00 |
| Rina | Garcia | 9/30/2012 | 1/15/2015 | $1,057.82 | $793.37 |
| Astrid | Giron | 7/31/2014 | 9/11/2015 | $579.00 | $434.25 |
| Oscar | Giron | 11/30/2012 | 9/11/2015 | $7,868.19 | $5,901.14 |
| Felix | Jose | 9/30/2012 | 9/11/2015 | $1,239.95 | $929.96 |
| Alma | Limbo | 4/15/2013 | 5/31/2014 | $2,444.11 | $1,833.08 |
| Edwin Alexander | Nunez | 9/15/2012 | 9/11/2015 | $10,339.77 | $7,754.83 |
| Maria | Nunez | 9/30/2012 | 9/11/2015 | $1,968.26 | $1,476.20 |
| Brandon Kim | Padrones | 4/30/2013 | 5/15/2015 | $2,263.62 | $1,697.72 |
| Demosthenes | Padrones | 11/15/2012 | 7/15/2014 | $3,022.19 | $2,266.64 |
| Jowell | Rivera | 9/30/2012 | 3/31/2015 | $798.30 | $598.73 |
| Evan Paul | Rones | 9/30/2012 | 9/11/2015 | $37.80 | $28.35 |
| Marcela | Rones | 9/30/2012 | 9/11/2015 | $468.83 | $351.62 |
| Ella | Sommer | 9/30/2012 | 10/31/2013 | $2,748.52 | $2,061.39 |
| Maria | Sotta | 9/5/2013 | 9/10/2015 | $10,991.00 | $8,243.25 |
| Tricia | Mamayac | 9/13/2012 | 9/10/2015 | $15,187.50 | $11,390.63 |
| Julie | Go | 9/15/2012 | 9/12/2015 | $23,310.00 | $17,482.50 |
| Raul | Buena | 9/15/2012 | 9/12/2015 | $24,727.50 | $18,545.63 |
| Rufina | Makiramdan | 12/5/2013 | 9/10/2015 | $9,765.00 | $7,323.75 |
| Fernando | Makiramdan | 12/5/2013 | 9/10/2015 | $9,765.00 | $7,323.75 |
| **TOTALS** | | | | **$367,995.83** | **$275,996.88** |

[PROPOSED] CONSENT JUDGMENT & ORDER

EXHIBIT B

# NOTICE OF EMPLOYEE RIGHTS

In January 2016, the U.S. Department of Labor sued RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT; I CARE VENTURES LLC, dba RAYZEL'S VILLA; RAZEL CORTEZ; and ELIZABETH PALAD. The Labor Department sued these employers because they violated the Fair Labor Standards Act (FLSA), the federal law that requires employers to pay minimum wage and overtime to their employees. These employers didn't pay their employees minimum wage for all of their hours worked. They also failed to pay overtime premiums.

To settle this lawsuit, these employers have agreed to pay back wages and damages to employees who were not correctly paid and have promised to comply with the FLSA in the future.

<u>You have legal rights under the FLSA, including:</u>

- The right to minimum wage and overtime premiums.

- The right to speak freely with Labor Department investigators.

- The right to be free of retaliation because you spoke to the Labor Department; complained to your employer that you weren't being paid correctly; or received a payment as part of this settlement.

- The right to be free of any demand from your employer that you pay back in way the money you receive under this settlement.

If you think your employer has not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint.  **The phone number is 1-866-4US-WAGE.**

EXHIBIT B

NOTISYA NG MGA KARAPATAN NG MGA EMPLEYADO

Noong January 2016, idinemanda ng U.S. Department of Labor ang RAZEL & RUZTIN, LLC, dba WALNUT CREEK WILLOWS; CADS LLC, dba ELIZABETH CORTEZ CARE HOME, ELIZABETH CORTEZ CARE HOME 2, SAMANTHA CARE HOME, and NEW HAVEN COURT; I CARE VENTURES LLC, dba RAYZEL'S VILLA; RAZEL CORTEZ; and ELIZABETH PALAD. Idinemanda ng Labor Department ang mga employer na ito sapagkat hindi nila sinunod ang batas na Fair Labor Standards Act (FLSA), pederal na batas na dapat ang mga employer ay magbayad ng minimum na pasahod at overtime sa kanilang mga empleyado. Hindi binayaran ng mga employer na ito ang kanilang mga empleyado ng minimum na pasahod para sa lahat ng oras na kanilang natrabaho. Nabigo din silang magbayad ng overtime premium.

Upang maareglo ang kaso na ito, ang mga employer ay sumang-ayon na bayaran ang utang na sahod at pinsala sa mga empleyado na hindi nabayaran ng tama at ipinangako na susunod sa mga FLSA sa hinaharap.

<u>Mga Karapatan Mo sa ilalim ng FLSA, naglalaman ng:</u>

➢ Ang karapatan sa minimum na pasahod at overtime na premium.

➢ Ang karapatan sa malayang pakikipag-usap sa mga imbestigador ng Department of Labor.

➢ Ang karapatan na maging libre sa paghihiganti dahil nagsalita ka sa Labor Department; nagreklamo sa iyong employer na hindi kayo binabayaran ng tama; o nakatanggap ng bayad bilang bahagi ng pag-areglo na ito.

➢ Ang karapatan na maging malaya sa anumang utos mula sa iyong employer na ibalik ang pera na natanggap mo sa ilalim ng pag-areglo na ito.

Kung sa palagay mo ay hindi ka binayaran ng employer mo ng tamang pasahod sa lahat ng oras na natrabaho mo, o kung naniniwala ka na sila ay gumawa ng hakbang laban sa iyo dahil ikaw ay nagsalita sa Department of Labor o nakatanggap ka ng bayad sa ilalim ng kasunduan, maaari kang tumawag sa US Department of Labor upang makagawa ng isang kompidensyal na reklamo. Ang numero ng telepono ay 1-866-4US-WAGE.

[PROPOSED] CONSENT JUDGMENT & ORDER

16