UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE SCALIA,

    Plaintiff,

v.

RAZEL & RUZTIN, LLC, et al.,

    Defendants.

Case No. 16-cv-00542-JD

**ORDER RE CONTEMPT PROCEEDINGS**

On the Secretary of Labor's motion, the Court previously issued an order to show cause why Razel & Ruztin, LLC; CADS, LLC; I CARE Ventures LLC; Razel Cortez; Elizabeth Palad; and Ruztin Cortez (collectively, "Contemnors") should not be held in contempt of the Court's March 7, 2016 Consent Judgment and Order. Dkt. No. 18. After review of the responsive filings by the parties, Dkt. Nos. 20, 21, 24, and 26, the Court orders as follows.

"[C]ivil contempt proceedings serve two purposes: (1) coercing compliance with a court order; and (2) compensating the prevailing party." *Ahearn ex rel. N.L.R.B. v. International Longshore and Warehouse Union, Locals 21 and 4*, 721 F.3d 1122, 1128 (9th Cir. 2013). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. They must show they took every reasonable step to comply." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (internal citations omitted).

The Secretary of Labor has established some violations by clear and convincing evidence. Specifically, the Contemnors' response admits that they failed to make the payment of $367,995.83 owed to the Department of Labor for unpaid minimum wages and overtime, as well as $275,996.85 for liquidated damages due to the workers. Dkt. No. 26 at 6. Contemnors also

1 admit that they have paid only $52,700 in total to the DOL, and their last payment was made in October 2017. *Id*. The Contemnors acknowledge failures in ensuring that employees were using time clocks accurately, and in including a notice on all pay period summaries that advises workers of their entitlement to be paid for all hours worked as well as the DOL phone number they can use for complaints. *Id*. at 7-8. The Court finds Contemnors in contempt on these issues, and will issue an order explaining the findings in detail after the proceedings discussed below are completed.

Many of the other alleged violations involve factual disputes that preclude the Court from resolving them on the papers. For example, the Secretary alleges that defendants did not install a time clock at every work location as required by the consent judgment, Dkt. No. 24 at 3, while the Contemnors assert that they did. Dkt. No. 26 at 4. And the Secretary alleges that defendant Elizabeth Cortez Palad "accused a former employee of organizing workers to speak with the DOL and threatened to call the police or get a restraining order against him" in retaliation, Dkt. No. 24 at 3, but the Contemnors provide the not implausible response that the person in question was "coming around" the facility even after he had stopped working there, thus necessitating a warning that defendants "would talk to the police if he did not stop coming around." Dkt. No. 26 at 5.

These are disputed issues, and the present record is not sufficiently developed for the Court to decide them. The Court would like a more developed statement of the evidence by both sides on these open questions. In addition, the Secretary has asked for more "discovery . . . to establish the extent of Contemnors' non- compliance with the Consent Judgment." Dkt. No. 12 at 13. Our circuit has held that "[i]f significant questions regarding noncompliance have been raised, appropriate discovery should be granted." *California Dept. of Social Services v. Leavitt*, 523 F.3d 1025, 1034 (9th Cir. 2008). That standard has amply been met, and the Court grants the Secretary limited discovery to aid the Court in determining the extent of noncompliance, as part of the Court's inherent power to enforce its judgments. The Secretary's discovery requests should be tailored to generate "information that could raise significant questions concerning compliance." *Id*.

The discovery should be completed by July 2, 2020. After that, the Secretary is directed to file by July 16, 2020, a revised statement clearly listing: (1) all alleged violations of the consent judgment, paragraph by paragraph; (2) the facts supporting each alleged violation; and (3) the Secretary's requested relief for the alleged noncompliance. The statement should include the matters for which the Court has found contempt so that a single, unified order is possible on all issues.

On the issue of relief, the Secretary is reminded that on civil contempt, any remedy ordered by the Court may not be punitive in nature. *See Ahearn*, 721 F.3d 1122. A primary goal of civil contempt is to coerce compliance, and if in fact most of the care centers at issue have now been closed, as Contemnors have asserted, then the Secretary is directed to give careful consideration to tailoring the requested relief to that circumstance. The Contemnors are directed to file a response to the Secretary's revised statement by August 6, 2020. The Secretary may file a reply by August 20, 2020. After reviewing the briefing, the Court may set an evidentiary hearing if one is needed.

While this process is underway, Contemnors are advised to bring themselves into compliance with the Court's consent judgment to the fullest extent possible, and promptly. The Court will take into account the undue delays by Contemnors in meeting the letter of the consent judgement. The parties are also directed to meet and confer on a negotiated resolution of the noncompliance issues. At the request of either party, the Court will refer the case to a Magistrate Judge for settlement purposes.

**IT IS SO ORDERED.**

Dated: March 31, 2020

JAMES DONATO
United States District Judge